UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DAVID W. NAIL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 1:07-CV-0018 TS |
| LAURA DILWORTH, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

David Nail, a prisoner confined at the Westville Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that his ex-wife Pamela Olmstead, Victim Assistance Associate Laura Dilworth, and Fort Wayne Police Officer Theveny violated his federally protected rights.

Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled

>to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Nail brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137 (1979).

According to the complaint, Ms. Dilworth told Ms. Olmstead to record Mr. Nail's telephone conversations with her. He alleges that she recorded his calls to her from October 18, 2004 through May 20, 2005, without informing him,[1] and then used them against him in court. This is not the first complaint that Mr. Nail has filed alleging that his wife illegally recorded his telephone calls to her. In *Nail v. Olmstead*, 1:05cv376 TS, Mr. Nail alleged that Pamela Olmstead and her attorney Gloria Bolino conspired to intercept his electronic wire transmissions without his consent and then used them against him in court. Mr. Nail concedes in this complaint that he filed the earlier complaint

---

[1] The deposition of defendant Olmstead, which Mr. Nail attaches to his complaint, establishes that these "recordings" were initially made on Ms. Olmstead's answering machine, and that she transferred them to another machine. (Deposition p.p. 18, 27, 28, and 36). Mr. Nail can hardly argue that he was not aware that statements he made to an answering machine were not being recorded.

against Pamela Nail and Gloria Bolino for wire-tapping, but he asserts that the earlier case was dismissed without prejudice. That dismissal, however, was a full adjudication of Mr. Nail's claims, which the court found to be without merit. Accordingly, the dismissal of the complaint in 1:05cv376 TS was with prejudice.

This court has already reviewed Mr. Nail's claim that his ex-wife illegally recorded telephone calls he made to her, and determined that she did not violate his federally protected rights. That judgment is final and the time for appeal has now passed. Thus the claims presented here dealing with alleged illegally recorded telephone calls by his former wife are barred by the doctrine of *res judicata* or claim preclusion.

> Under the doctrine of *res judicata* (claim preclusion), a final judgment on the merits of an action bars further claims by the parties or their privies based on the same action. Moreover, *res judicata* bars not only those issues that the parties actually litigated, but also any issue which the parties could have raised in the prior action.

*Gray v. Lock*, 855 F.2d 399, 404-405 (7th Cir.1989) (citations omitted).

Mr. Nail adds Ms. Dilworth as a defendant in this case, asserting that she told Ms. Olmstead to record his telephone calls. This claim is barred by the doctrine of claim preclusion because he could have raised it in his earlier complaint. But even if Mr. Nail were not precluded from bringing this claim against Ms. Dilworth, the court has already determined that recording Mr. Nail's telephone calls did not violate his federally protected rights. Accordingly, Ms. Dilworth telling Ms. Olmstead to record the conversations could not have violated his federally protected rights.

Mr. Nail alleges in this complaint that Ms. Olmstead committed perjury when she testified against him at his criminal trial, a claim he did not raise in his earlier complaint. But § 1983 did not abrogate the absolute witness immunity existing at common law, *Briscoe v. LaHue*, 460 U.S. 325

3

(1983). Accordingly, Mr. Nail may not sue defendant Olmstead for her testimony at his criminal trial.

Mr. Nail also names Fort Wayne Police Officer Theveny as a defendant. He does not allege that Officer Theveny had any involvement with recording his telephone conversations. Rather, he is suing Officer Theveny "for failure to investigate the legal filings of this Plaintiff that would have provided immunity from prosecution." (Complaint at p. 3). In his affidavit, attached to the complaint, Mr. Nail states that Detective Theveny "never investigated the law suits that she received from Ms (Nail) Olmstead in March 2005 and that this is evidenced in Depositional (sic) transcript of 8-16–2006. I also state that had Detective Theveny . . . investigated these law-suits that this Plaintiff would never have been charged with a Felony stalking charge as it would have become apparent that there was immunity to prosecution under Indiana code." (Affidavit at ¶ 11).

Mr. Nail asserts that had Officer Theveny conducted a more thorough investigation, he would not have been found guilty of the criminal charges against him. Mr. Nail seeks damages from Officer Theveny, rather than having his conviction set aside. But if, as here, the remedy sought under § 1983 would require a finding or judgment that would render a conviction or sentence invalid, the § 1983 plaintiff must first prove that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). This court may not award Mr. Nail damages for being convicted of a criminal charge because of Officer Theveny's actions or failure to act, without concluding that Mr. Nail should not have been convicted of that charge. Accordingly, *Heck v. Humphrey* requires that Mr. Nail first obtain a finding or judgment setting aside his conviction.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(2), the court DISMISSES this complaint.

SO ORDERED on March 7, 2007.

    /s/ Theresa L. Springmann
THERESA L. SPRINGMANN, JUDGE
UNITED STATES DISTRICT COURT